**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

KRISTINA GRIMARD,

    Plaintiff,

v.                                                             Case No. 07-CV-12128-DT

PALMER, REIFLER AND ASSOCIATES, P.A.,

    Defendant.

                                                         /

**ORDER GRANTING "DEFENDANT'S MOTION FOR RULE 11 SANCTIONS"**

Pending before the court is Defendant Reifler and Associates, P.A.'s motion for Rule 11 sanctions seeking attorney fees and costs it incurred in defending this action. Plaintiff Kristina Grimmard has failed to file a response as required under Eastern District of Michigan Local Rule 7.1(b),[1] and the court concludes that a hearing on the motion is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will grant Defendant's motion.

**I. BACKGROUND**

On May 17, 2007, Plaintiff filed a complaint alleging numerous violations of the Fair Debt Collection Practices Act, 15 U.S.C § 1692(d) et. seq. ("FDCPA"), the Michigan Collection Practices Act, Mich. Comp. Laws § 445.252(a) et. seq. and the Michigan Occupational Code, Mich. Comp. Laws § 339.915. Specifically, Plaintiff contended that

---

[1]Palmer filed its motion for sanctions on July 3, 2007. Therefore, Grimard had until July 20, 2007 to file a response. *See* E.D. Local R. 7.1(d)(2)(B), 6.1(b); Fed. R. Civ. P. 6(a). As of the date of this order, Plaintiff has still failed to file a response.

Defendant violated debt collection laws by mailing a letter to Plaintiff notifying her of the Defendant's intent to collect an overdue and unpaid monetary sum resulting from a civil claims settlement.  On May 21, 2007, Defendant sent Brian Parker, Plaintiff's attorney, a letter stating that because the FDCPA applies only to consensual consumer transactions, and Plaintiff's money obligation arose from a civil retail theft claim against Plaintiff's minor son, the FDCPA does not apply.  Defendant cited numerous cases to support its position and requested that Plaintiff dismiss her case with prejudice in exchange for Defendant's agreement to accept Plaintiff's prior payments as full settlement of any and all civil claims between the parties.

Despite having two months to do so, Plaintiff has failed to voluntarily dismiss her claim.  On July 3, 2007, Defendant filed its motion to dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)(6), claiming that the FDCPA does not apply to the collection of a money obligation that arose from a tort.  On July 31, 2007, the court dismissed Plaintiff's complaint with prejudice because the complaint failed to assert a claim upon which relief may be granted.  Defendant now seeks attorney fees and costs incurred as a result of Plaintiff's failure to voluntarily dismiss her frivolous complaint.

## II.  STANDARD

Pursuant to Federal Rule of Civil Procedure 11, the court may assess sanctions against an attorney for filing a complaint containing no legal contentions that are warranted by existing law or by raising a frivolous argument "for the extension, modification, or reversal of existing law, or the establishment of new law."  Fed. R. Civ. P. 11(b)(2).

Additionally, 28 U.S.C. § 1927 provides that a party who unreasonably and vexatiously multiples the proceedings in any case may be required to personally pay "the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct." 28 U.S.C. § 192.7

### III. DISCUSSION

Rule 11 mandates that the signing attorney (1) must conduct a reasonable inquiry to determine that the document is well grounded in fact, (2) must conduct a reasonable inquiry to determine that the positions taken are warranted by existing law or as good faith arguments for extension or modification of existing law and (3) can not file the complaint for an improper purpose. Fed. R. Civ. P. 11(b). In application, the court must determine whether or not the attorney's conduct was objectively reasonable under the circumstances. *See Blachy v. Butcher*, 129 F. App'x 173, 180 (6th Cir. 2005).

Here, the court finds that Parker failed to conduct a reasonable inquiry on the viability of Plaintiff's complaint. Any reasonable inquiry would have revealed that the complaint relied on an inapplicable statute and therefore failed to state a claim on which relief can be granted. Furthermore, Defendant sent Parker a May 21, 2007 letter that notified Parker of the complaint's deficiencies, citing case law to support the proposition that the FDCPA does not apply to money obligations arising out of tort claims. Even after being so notified, Plaintiff's attorney either failed to inquire into the complaint's probable deficiencies or failed to voluntarily dismiss the meritless complaint despite his knowledge thereof.

Therefore, even if Parker had reasonably inquired into the factual and legal sufficiency of the May 17, 2007 complaint, as of May 21, 2007, Parker knew or should

3

have known that the complaint contained no factual or legal basis for relief.  Yet Parker has failed to respond during the interim two months by withdrawing the complaint or accepting Defendant's proposed settlement.  This inaction exposes Parker to sanctions. *Runfola & Assoc., Inc. v. Spectrum Reporting II, Inc.*, 88 F.3d 368, 373-74 (6thCir. 1996) (The "gravaman of Rule 11 [is not in] the filing of the claim that eventually turns out to be meritless, but rather the persistence in pursuing that claim after the pleader has or should have become aware of its lack of merit.").  Accordingly, the court will award Rule 11 sanctions against Parker in the form of Defendant's attorneys' fees and costs unnecessarily incurred in defending this action.

## IV.  CONCLUSION

IT IS ORDERED that "Defendant's Motion for Federal Rule of Civil Procedure Rule 11 Sanctions" [Dkt. # 7] is GRANTED.  If the parties are unable to file a stipulation regarding Defendant's attorneys' fees and costs, Defendant shall submit an affidavit and detailed supporting documentation evidencing such reasonable attorneys' fees and costs on or before **August 21, 2007**.

          s/Robert H. Cleland  
          ROBERT H. CLELAND  
          UNITED STATES DISTRICT JUDGE

Dated:  July 31, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 31, 2007, by electronic and/or ordinary mail.

s/Lisa G. Wagner
                                                        Case Manager and Deputy Clerk
                                                        (313) 234-5522