**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KRISTINA GRIMARD,

        Plaintiff,

v.

                                         Case No. 07-CV-12128

PALMER, REIFLER AND ASSOCIATES, P.A.,

        Defendant.

_____/

### OPINION AND ORDER GRANTING
### "DEFENDANT'S MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT"

Pending before the court is Defendant Palmer, Reifler and Associates, P.A.'s ("Palmer's") July 3, 2007 "Motion to Dismiss and/or for Summary Judgment." Plaintiff Kristina Grimmard has failed to file a response as required under Eastern District of Michigan Local Rule 7.1(b),[1] and the court concludes that a hearing on the motion is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will grant Defendant's motion.

## I. BACKGROUND

Grimard filed her complaint on May 17, 2007. (*See* Pl.'s Compl.) In her complaint, Grimard alleges numerous violations of the Fair Debt Collections Practices Act ("FDCPA"), the Michigan Collections Practices Act ("MCPA") and the Michigan Occupational Code. (*See id.*) According to Palmer, these claims arose from a previous settlement between Grimard and Palmer under which Grimard was obligated to pay

---

[1]Palmer filed its motion to dismiss on July 3, 2007. Therefore, Grimard had until July 27, 2007 to file a response. *See* E.D. Local R. 7.1(d)(1)(B), 6.1(b); Fed. R. Civ. P. 6(a). As of the date of this order, Plaintiff has still failed to file a response.

Palmer a specified sum of money.  (Def.'s Mot. at 4-5)  The settlement agreement

allegedly resulted from negotiations between the parties after Grimard's minor son

shoplifted from a store owned by Kmart Holding Corporation ("Kmart").  (*See* Zerulik

Aff., Def.'s Ex. B.)  When Grimard failed to make a payment pursuant to the settlement,

Palmer sent a letter requesting the same.  (*See* 5/1/07 letter, Pl.'s Ex. 1.)  In her

complaint, Grimard claimed that the letter does not meet certain requirements of the

FDCPA and the MCPA.  (Pl.'s Compl. at ¶¶ 21-26, 28-32.)

On July 3, 2007, Palmer filed its motion to dismiss.  In its motion, Palmer

contends that all of Grimard's claims should be dismissed "[b]ecause Plaintiff is not a

'consumer' under the FDCPA, nor is the money obligation by plaintiff a 'debt' as defined

in the FDCPA", and therefore "the FDCPA does not apply to  Palmer Reifler's attempted

collection of Grimard's money obligation to the Kmart Holding Corporation."  (Def.'s Mot.

at 5-6.)

## II.  STANDARD

When ruling on a motion to dismiss pursuant to 12(b)(6) of the Federal Rules of

Civil Procedure, the court must construe the complaint in a light most favorable to the

plaintiff and accept all the factual allegations as true. . . ."  *Evans-Marshall v. Board of*

*Educ.,* 428 F.3d 223, 228 (6th Cir. 2005); *Rossborough Mfg. Co. v. Trimble,* 301 F.3d

482, 489 (6th Cir. 2002).  In doing so, "the court must draw all reasonable inferences in

favor of the plaintiff."  *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).  Yet,

the court "need not accept as true legal conclusions or unwarranted factual inferences."

*Gregory v. Shelby County*, 220 F.3d 433, 466 (6th Cir. 2000).  Although a heightened

fact pleading of specifics is not required, the plaintiff must bring forth "enough facts to

state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955,1974 (2007).

Though decidedly liberal, this standard of review does require more than the bare assertion of legal conclusions. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996).

> [A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the complaint's allegations are true.

*Twombly*, 127 S.Ct. at 1964-65 (citing Fed. R. Civ. P. 8(a)). Further, the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (abrogated on different grounds by *Twombly*, 127 S.Ct. 1955). In application, a "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Lillard*, 76 F.3d at 726 (citation omitted). A court cannot grant a motion to dismiss under Rule 12(b)(6) based upon its disbelief of a complaint's factual allegations. *Wright v. MetroHealth Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir. 1995).

"In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) (emphasis omitted) (quoting *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997)).

## III. DISCUSSION

## A. FDCPA

The FDCPA specifically states that its purpose is "to protect *consumers* against debt collection abuses." 15 U.S.C. § 1692(e)(emphasis added). In order to state a claim under the FDCPA, the party claiming a FDCPA violation must show that he or she is a "consumer" and that the "debt" being requested "aris[es] out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5). Grimard's complaint does not allege these threshold requirements. Therefore, Palmer's motion to dismiss must be granted.

The FDCPA defines "debt" in the following way:

> Any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

15 U.S.C. § 1692a(5). Accordingly, courts have found that "the FDCPA limits its reach to those obligations to pay arising from consensual transactions, where parties negotiate or contract for consumer-related goods or services." *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.,* 111 F.3d 1322, 1326 (7th Cir. 1997) (citing *Mabe v. G.C. Serv. Ltd. P'shp,* 32 F.3d 86, 88 (4th Cir. 1994); *Shorts v. Palmer,* 155 F.R.D. 172, 175-76 (S.D. Ohio 1994)).

Federal courts have consistently held that a money obligation arising from a tort does not constitute a "debt" for purposes of the FDCPA. *Zimmerman,* 834 F.2d at 1168 (finding that the FDCPA does not cover thefts because "nothing in the statute or the

4

legislative history leads us to believe that Congress intended to equate asserted tort liability with asserted consumer debt"); *Shorts,* 155 F.R.D. at 174-76 (finding that because "[t]he obligation asserted by Rite Aid arises out of an alleged theft involving personal property," it is not a debt under the FDCPA). The Federal Trade Commission ("FTC")[2] has also addressed this issue and concluded that the FDCPA does not cover money obligations that result from a tort. *Federal Trade Commission Staff Commentary on the Fair Debt Collection Practices Act*, 53 F.R., No. 239, 50101 et. seq.

Grimard's money obligation arises as the result of an alleged tort, namely shoplifting. (*See* Zerulik Aff., Def.'s Ex. B.) Neither Grimard nor her son ever entered into a consensual or contractual relationship with either Kmart or Palmer for the purchase or use of goods or services. Instead, Grimard's money obligation is the result of a settlement agreement between Grimard and Palmer resolving the shoplifting allegation against Grimard's minor son. The court follows *Zimmerman, Shorts* and the FTC. and finds that this money obligation does not constitute a debt under the FDCPA.

Furthermore, because Grimard does not owe a "debt," as defined by the FDCPA, she does not fall within the FDCPA's definition of "consumer," which is "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). Accordingly, Grimard has failed to state a claim for which relief can be granted under the FDCPA because she is not a "consumer" who owes a "debt" under the FDCPA.

---

[2]The FTC has primary responsibility for enforcement and administration of the FDCPA. *See* 15 U.S.C. § 1692(a).

**B.  State Claims**

The court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).  A district court may decline to exercise jurisdiction over claims allowed in federal court pursuant to § 1367(a) if "the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c).  The court, pursuant to the above analysis, has dismissed all claims in this case over which it had original jurisdiction.  Given the early stage of litigation, considerations of judicial economy do not weigh in favor of further proceedings resolving the state claims.  *See e.g. United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726-727 (1966) ("[if it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals.").  The court will therefore decline to reach Plaintiff's remaining claims under state law.

**IV.  CONCLUSION**

IT IS ORDERED that Defendant's July 3, 2007 "Motion to Dismiss and/or for Summary Judgment" [Dkt. # 6] is GRANTED and Plaintiff's complaint [Dk. #1] is DISMISSED.

s/Robert H. Cleland_____
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  July 31, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 31, 2007, by electronic and/or ordinary mail.

s/Lisa G. Wagner
Case Manager and Deputy Clerk
(313) 234-5522